RINFRET & ARRUDA *vs.* DAVID H. MORRISEY.

MAY 27, 1908.

PRESENT: Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Trespass and Ejectment.  Right of Possession.*

In an action of trespass and ejectment, it appeared that at the date of issue of the writ, July 25, 1906, plaintiffs (monthly tenants) were in arrears for rent for more than fifteen days.   July 5, 1906, the landlord accepted defendant's principal as tenant of the premises:—

*Held,* that, as at the date of the writ an immediate right of re-entry had then accrued to the landlord, his action in accepting defendant's principal as tenant must be considered an assertion of his right to re-enter for non-payment of rent which, under C. P. A., § 404, could be shown as an outstanding superior right of possession sufficient to defeat plaintiff's right to possession at the time of bringing the action.

(2)  *Trespass and Ejectment.  Mesne Profits.  Damages.*

In an action of trespass and ejectment the issue is as to the right of possession only.   Damages are recoverable in a separate action for mesne profits or other appropriate proceeding.

TRESPASS AND EJECTMENT.  Heard on exceptions of defendant, and sustained.

PER CURIAM.  The evidence clearly shows that on July 25, 1906, the date of issue of the writ in this action of trespass and ejectment, the plaintiffs, who were tenants of one Charles Rogers, under a tenancy from month to month, were in arrears in respect of their rent for more than fifteen days, whereby an immediate right of re-entry had then accrued to the landlord (Gen. Laws cap. 269, § 7), and that no rent has since been paid by them to the landlord to the time of trial on April 30, 1907.   It is also undisputed that the defendant was not in possession of the premises in question at the time of trial.   We are of the opinion that the action of the landlord, Rogers, on July 5, 1906, in accepting Smith Bros., the defendant's principals, as his tenants, must be considered as an assertion of his right to re-enter for non-payment of rent by the plaintiffs which they may show as an outstanding superior right of possession sufficient to defeat the plaintiff's right to possession at the time of bringing this action (C. P. A., § 404).   In this form of action

the issue is as to the right of possession only. Damages, if any, are recoverable in a separate action for mesne profits, or other appropriate proceeding (C. P. A., §§ 615 and 617).

The defendant's exception to the refusal of the trial court to grant a new trial on the ground that the verdict is contrary to the law is sustained, and the case is remitted to the Superior Court with direction to enter judgment for the defendant for costs.

*Maximilian L. Lizotte*, for plaintiff.
*John C. Quinn*, for defendant.