FRANCESCO LIBRANDI *vs.* ANASTATIA P. O'KEEFE.

NOVEMBER 18, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Pleading. Joinder of Counts. Amendment.*

It was not error under Gen. Laws, 1909, cap. 283, sec. 26, to permit a plaintiff where the writ and declaration were in assumpsit, the declaration alleging a breach of a lease containing covenants, to file additional counts in covenant after the completion of the testimony, the purpose of the statute being to save litigants from the disadvantage arising from mistaken forms of action, and the matter of the amendment also being in the discretion of the trial court.

*(2) Mortgages. Leases.*

A mortgage of personal property contained a provision "upon default of any of the terms of the mortgage, this instrument shall operate as a transfer of any lease or tenancy that he (the mortgagor) may have in said premises at such time." The mortgagor was a tenant under a lease containing a covenant against subletting or assigning the whole or any part of the premises without the written consent of lessor. The mortgagee foreclosed the mortgage and thereafter the lessor executed a lease of the premises to a third party and mortgagor brought his action for breach of covenant for quiet enjoyment. When the mortgage was foreclosed the leasehold interest of the mortgagor was not offered for sale.

*Held,* that before the transfer of the leasehold interest of the mortgagor could be said to have any effect, it must appear that the mortgagee assumed dominion over the premises, warranting lessor in asserting his right of possession.

ASSUMPSIT. Heard on exceptions of both parties. Exception of plaintiff overruled. Exception of defendant to denial of her motion for new trial sustained.

VINCENT, J. This is an action of assumpsit and is now before us upon the exceptions of both the plaintiff and the defendant. On January 3, 1914, the defendant, and her husband since deceased, leased to the plaintiff a certain store located on the corner of Broadway and Knight street in the city of Providence. This lease according to its terms was to run for ten years.

The plaintiff covenanted not to sublet or assign the whole or any part of said premises without the written consent of the lessors. The plaintiff entered into possession of the premises and continued in uninterrupted enjoyment thereof until January 28, 1918, when a fire occurred.

On July 10, 1914, the plaintiff executed a mortgage on the stock and fixtures in the store to one Salvatore Chiappinelli, which mortgage was duly recorded on the same day. By the terms of this mortgage the plaintiff also covenanted and agreed that in case of any default such default would operate to terminate the mortgagor's tenancy in the premises and would constitute an assignment of the lease of the premises to the mortgagee. The plaintiff further covenanted in said mortgage that he would keep insurance upon the mortgaged property payable in case of loss to the mortgagee as his interest might appear.

On March 9, 1918, the mortgagee foreclosed the mortgage. On April 16, 1918, the defendant executed a lease of the premises to one Arduino Sormanti which said lease was to run from March 9, 1918, the date of the foreclosure.

On April 16, 1918, the plaintiff brought his present action in assumpsit against the defendant. The plaintiff's declaration showed that the action was based upon a lease containing covenants and at the conclusion of the plaintiff's testimony the defendant moved for a nonsuit on the ground that the action should have been in covenant and not in

assumpsit, which motion was denied by the trial court. Subsequently, upon the conclusion of all the testimony, the plaintiff was permitted to file two additional counts in covenant.

The jury returned a verdict for the plaintiff in the sum of $4,700.

The defendant filed her motion for a new trial and after hearing thereon the trial court found the verdict to be clearly excessive and granted a new trial unless the plaintiff should within ten days remit all in excess of $1,160. The plaintiff did not file a remittitur but took an exception to the decision of the trial court which is the only exception of the plaintiff before us.

The defendant has filed twenty-two exceptions of which eighteen are to the admission and exclusion of testimony. The remaining four exceptions cover the denial of a motion to direct a verdict; the decision of the court allowing the plaintiff to file additional counts in covenant; the refusal to charge as requested; and the denial of the motion for a new trial.

The defendant contends that the trial court erred in permitting the plaintiff to file additional counts in covenant after the completion of the testimony, his writ and declaration being in assumpsit and the latter alleging a breach of a lease containing covenants.

It is provided by Section 26, Chapter 283, General Laws 1909, that, "When a plaintiff has reason to doubt whether his action should be in covenant, debt, or assumpsit, he may bring either action and may join therein counts in covenant, debt, and assumpsit, or any of them, and when he has reason to doubt whether the action should be trespass or trespass on the case, he may bring either action and join therein counts in trespass and trespass on the case, or either of them, and the defendant in all such cases shall plead to the several counts according to the practice at common law, and judgment may be entered upon the counts under which the plaintiff may be entitled to recover."

There can be no doubt that under this provision of the statute the plaintiff could have joined counts in assumpsit and covenant in his original declaration, being in doubt which form of action he should bring, and that a judgment could properly be entered upon the counts under which it might appear he was entitled to recover. *Adams* v. *Lorraine Mfg. Co.*, 29 R. I. 333; *Sowter* v. *Seekonk Lace Co.*, 34 R. I. 304.

The defendant argues that the sole claim of the plaintiff being upon an alleged breech of covenant for quiet enjoyment he could not be in doubt as to the proper form of action and therefore, inferentially, that the section of the statute above quoted would not apply.

In *Sowter* v. *Seekonk Lace Co.*, *supra.*, this question has been fully covered, the court saying, "There is no provision in the statute that the doubt in the plaintiff's mind, which induces him to avail himself of the statute in question, shall be a doubt which appears to the defendant to be a reasonable one. Neither the statute nor this court in its consideration of the above cited case under the statute, have required plaintiffs to set out in pleading the nature of their doubt. Unless he shall be compelled to disclose it in his declaration, we know of no proceeding by which a plaintiff can be required to submit the nature of his doubt to the court that the court may pass upon either its existence or its reasonableness. There are not many circumstances in which the intelligent pleader would be in doubt whether his action should be covenant or assumpsit, though such circumstances may be conceived, and the statute contemplates that they may exist. This plaintiff by his action must be held to claim that such circumstances do in fact exist in his case; and, in the matter now under consideration, his conclusion is controlling."

The fact that the counts in covenant were added after the conclusion of the testimony does not seem to us to present any sufficient reason for excluding the plaintiff from the benefit of the statute, the purpose of which is to simplify

matters of pleading and save litigants from the disadvantage arising from mistaken forms of action. Besides we think that the matter of an amendment to the declaration is in the discretion of the trial court.

(2) Very little need be said regarding the mortgage of the plaintiff to Chiappinelli. The validity of this mortgage is not questioned and there is no dispute as to its terms. The mortgagor being in default, the mortgage was duly foreclosed and the stock and fixtures described therein were sold at public auction, the mortgagee, Mr. Chiappinelli, being the purchaser.

About a week later Chiappinelli sold the stock and fixtures purchased at the foreclosure sale to one Sormanti.

On April 16, 1918, the defendant executed a lease of the store to Sormanti which said lease was to run from March 9, 1918, the date of the foreclosure under the mortgage.

The mortgage of the plaintiff to Chiappinelli contained a provision that "the said mortgagor hereby further agrees that upon default of any of the terms of the mortgage that this instrument shall operate as a transfer of any lease or tenancy that he may have in said premises at such time." 

The defendant argues that the execution of the mortgage containing the foregoing provision was a breach of the lease and therefore the rights of the plaintiff, as lessee, then terminated.

On the other hand the plaintiff claims that the defendant must be charged with constructive notice of the existing mortgage and its provisions and that having accepted rent. subsequent to the recording of the same she waived any default.

We do not think that the execution and recording of the mortgage is of any importance in the case, it being immaterial whether Mrs. O'Keefe had notice of it either actual or constructive. The provision in the mortgage was not, by its terms, operative until the happening of a future event. When the mortgage was foreclosed the leasehold interest of the plaintiff was not offered for sale. Before the transfer

of that interest, by virtue of the aforesaid provision, could be said to have any effect it must appear that the mortgagee by some attitude or act assumed some dominion over the premises. Whether or not the mortgagee, Chiappinelli took possession of the store after the sale under his mortgage and thus indicated his acceptance of the provision transferring to him the leasehold estate, the testimony does not appear to clearly disclose. The privilege of the defendant to assert her right of possession through the making of a new lease to another party has been determined by this court in *Rinfret & Arruda* v. *Morrisey*, 69 Atl. 763, 29 R. I. 223.

We think that some further consideration of the question of possession, to which we have already alluded, is necessary to a proper investigation and disposition of the matter and therefore that the case should be submitted to another jury. In view of this conclusion it seems unnecessary to consider in detail the other exceptions in the case. The exception of the defendant to the ruling of the trial court denying her motion for a new trial is sustained. The other exceptions of the defendant are overruled. The exception of the plaintiff is also overruled and the case is remitted to the Superior Court with direction to give the defendant a new trial.

*Cooney & Cooney*, for plaintiff.

*Comstock & Canning*, for defendant. *Edward M. Brennan*, of counsel.